IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GUY F. MARTIN, JR.,                              *

    Plaintiff,                                   *

v.                                               *        Civ. No. RDB 11CV904

STATE OF MARYLAND,                               *

    Defendant                                    *

           *     *     *     *     *     *     *     *     *

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

    Defendant State of Maryland (the "State"), by its undersigned attorneys, respectfully

moves to dismiss this action with prejudice, pursuant to Federal Rule of Civil Procedure

12(b)(6), for failure to state a claim upon which relief can be granted.

## ARGUMENT

### MR. MARTIN'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE THEY ARE INSUBSTANTIAL.

    "[A] single district judge," rather than a three-judge panel under 28 U.S.C. § 2284(a),

"may dismiss a complaint otherwise subject to § 2284(a) if the judge determines that the

constitutional claims are insubstantial in that they are obviously without merit or clearly

determined by previous case law." *Duckworth v. State Bd. of Elections*, 213 F. Supp. 2d 543,

546 (D. Md. 2002), *aff'd sub nom. Duckworth v. State Admin. Bd. of Election Laws*, 332 F.3d

769 (4th Cir. 2003); *see also Md. Citizens for a Representative Gen. Assembly v. Governor*

*of Md.*, 429 F.2d 606, 607 (4th Cir. 1970) (affirming dismissal by single federal district judge of reapportionment challenge).  This Court should dismiss this case because Mr. Martin's claims are insubstantial and obviously without merit, given that the claims are foreclosed by the United States Constitution, applicable statutes, and binding Supreme Court precedent.

Mr. Martin complains that the "Governor of Maryland in compliance with 28 USC Section 2284 has been forced by the clerk of the US House of Representatives to assign 8 US House of Representative Districts for our State," which leaves Maryland citizens "under represented" and thereby "harmed."  (Complaint at 2.)  Therefore, Mr. Martin demands an injunction requiring that, instead of apportioning one representative per 721,694 citizens, "The Governor, Maryland General Assembly, and the State Board of Elections [shall] redistrict 1 US House district for every 30,001 citizens with strict population equality."  (*Id.*)

Mr. Martin's allegations of under-representation, and demands for reapportionment to increase the State's number of representatives in the United States Congress, contravene controlling federal law.  The United States Constitution's Article I, § 2 and the Fourteenth Amendment require that the number of representatives must be "apportioned among the

several States according to their respective numbers."[1]

To implement the Constitutional mandate for apportionment, Congress has established by statute the exclusive method for determining each State's allotment of representatives:

(a) On the first day, or within one week thereafter, of the first regular session of the Eighty-second Congress and of each fifth Congress thereafter, the President shall transmit to the Congress a statement showing the whole number of persons in each State, excluding Indians not taxed, as ascertained under the . . . decennial census of the population, and the number of Representatives to which each State would be entitled under an apportionment of the then existing number of Representatives by the method known as the method of equal proportions, no State to receive less than one Member.

(b) Each State shall be entitled, in the Eighty-third Congress and in each Congress thereafter until the taking effect of a reapportionment under this section or subsequent statute, to the number of Representatives shown in the statement required by subsection (a) of this section, no State to receive less than one Member.  It shall be the duty of the Clerk of the House of Representatives, within fifteen calendar days after the receipt of such statement, to send to the executive of each State a certificate of the number of Representatives to which such State is entitled under this section. . . .

2 U.S.C. § 2A (2011 LEXIS).

The responsibility for taking the decennial census, and reporting its results to the

---

[1]   Article I, § 2, originally provided that "Representatives . . . shall be apportioned among the several States . . . according to their respective Numbers, which shall be determined by adding to the whole Number of free Persons, including those bound to Service for a Term of Years, and excluding Indians not taxed, three fifths of all other Persons."
Section 2 of the Fourteenth Amendment modified this provision by establishing that "Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed." *United States Dep't of Commerce v. Montana*, 503 U.S. 442, 444 n.1 (1992).

President "as required for the apportionment of Representatives in the Congress among the several States," belongs to the federal Secretary of Commerce.  13 U.S.C. § 141(a), (b) (2011 LEXIS); *see also* U.S.C. §1(2) (defining "Secretary" for purposes of 13 U.S.C. § 141 as "Secretary of Commerce").   "The Secretary is permitted to delegate her authority for establishing census procedures to the Bureau of the Census."  *Franklin v. Mass.*, 505 U.S. 788, 792 (1992).

Thus, by federal law, the President and executive branch officials in the federal Department of Commerce and Bureau of the Census are responsible for determining the number of Representatives to which "[e]ach State shall be entitled." 2 U.S.C. § 2A; *see also Franklin v. Mass.*, 505 U.S. 788 (1992) (stating that Congress has made the apportionment process "virtually self-executing, so that the number of Representatives per State [is] determined by the Secretary of Commerce and the President without any action by Congress").  The apportionment determination does not belong to the Governor of Maryland or the legislative branch, as Mr. Martin suggests.  (*See* Complaint at 2.)   Instead, the Secretary of Commerce and the President ascertain each State's number of representatives according to the results of the U.S. Census Bureau's most recent "decennial census of the population," by applying "the method of equal proportions" to obtain a mathematical "apportionment of the then existing number of Representatives."  2 U.S.C. § 2A(a).  The apportionment determination is subject to only three conditions: "The number of

4

Representatives shall not exceed one for every 30,000 persons; each State shall have at least one Representative; and district boundaries may not cross State lines." *United States Dep't of Commerce*, 503 U.S. at 447-48.

Based on the results of the 2010 decennial census, and in accordance with 2 U.S.C. § 2A and prior practice and precedent, "[t]he 435 seats in the United States House of Representatives were allocated among the states on the basis of population." *See Duckworth*, 213 F. Supp. 2d at 546. Again consistent with established practice, "[t]he results of the census were duly reported to the Governor of Maryland for use in the apportionment of Congressional districts as required by law. *See* 13 U.S.C. § 141(c)." *See Duckworth*, 213 F. Supp.2d at 545-46.

Once the representatives have been apportioned to the States according to the Congressionally prescribed method, the law recognizes no legal authority for a State to alter its allotment of representatives. The State officials responsible for legislative apportionment and districting have no authority, under either 2 U.S.C. § 2A or 13 U.S.C. § 141, to increase the number of representatives for the State, but have authority only to draw congressional district lines in compliance with federal law.

Mr. Martin's challenge is foreclosed, and therefore subject to dismissal as insubstantial, because the Supreme Court has confirmed the constitutionality of the apportionment method that Congress adopted in 2 U.S.C. § 2A. In so doing, the Court has

rejected a State's attempt to alter its apportionment of representatives as determined under that statute. *See United States Dep't of Commerce v. Montana*, 503 U.S. 442 (1992); *see also Utah v. Evans*, 536 U.S. 452 (2002) (affirming denial of attempt to enjoin results of decennial census); *Franklin v. Mass.*, 505 U.S. 788 (1992) (rejecting State's challenge to its Congressional apportionment that was allegedly diminished by Census Bureau's allocation of overseas military personnel to their "home of record").  As interpreted by the Supreme Court, "The constitutional framework . . . delegate[s] to Congress a measure of discretion" in determining the manner of apportionment "that is broader than that accorded to the States" and "commands far more deference than a state districting decision." *Dep't of Commerce*, 503 U.S. at 464.

Furthermore, Mr. Martin does not allege any unlawful conduct by the State and its officers, but complains only that Maryland has too few representatives in the Congress. (*See* Complaint at 2.)  That is a matter determined solely by federal law.  Under the Supremacy Clause, U.S. Const. art. VI, ¶ 2, the State may not disregard the result of the Constitution's clear mandate, as implemented by a Congressional enactment and as construed by the Supreme Court.  The Supreme Court has recognized the possibility of a court challenge where the census results themselves are "found to rest upon a serious error," such as a "legal error" or "a clerical, a mathematical, or a calculation error, in census data or in its transposition." *Evans*, 536 U.S. at 462.  However, Mr. Martin's complaint alleges no such

6

error.  Furthermore, even if Mr. Martin did or could allege such "serious error" (which is not the case), the State and its officials could not afford the relief he requests, which would have to issue, if at all, from a higher federal authority.

Mr. Martin does not and cannot cite any authorities in support of his Complaint and demand for relief.  He appears to rely primarily on Article I, Section 2 of the United States Constitution for his demand of one representative per 30,001 citizens.  (*See* Complaint at 2.) However, that constitutional section requires only that "[t]he Number of Representatives shall not exceed one for every thirty Thousand," *not* that the number of representatives shall *be* one for every thirty thousand citizens.  U.S. Const. art. I, § 2.  This constitutional provision also requires "equal representation for equal numbers of people," *Duckworth*, 213 F. Supp. 2d at 550 (citation omitted), but Mr. Martin's demand for relief would not provide that equal representation.  Mr. Martin would replace apportionment of one representative for every 721,694 Maryland citizens with one representative for every 30,001 Maryland citizens. (Complaint at 2.)  By basic arithmetic, Mr. Martin's demand for relief, if granted, would afford Maryland 192 representatives, or 44% of the total number of congressional seats available to all States.  *See Duckworth*, 213 F. Supp. 2d at 546 (taking judicial notice of the results of "immutable laws of mathematics").  Such a result obviously would not afford "equal representation for equal numbers of people" in other States, and thus would be unconstitutional.

Mr. Martin also cites "14th Amendment Section 2" of the United States Constitution as the source of "guaranteed" representation in the form he demands, but again he is mistaken. Section 2 of the Fourteenth Amendment states, in pertinent part, that "[r]epresentatives shall be apportioned among the several States according to their respective numbers." U.S. Const. amend. XIV, § 2. The current apportionment and number of congressional representatives from Maryland complies with that provision, whereas affording the relief Mr. Martin requests would not comply with the Constitutional requirement of equitable apportionment based on population. As explained above, Mr. Martin's demand for relief, if granted, would afford Maryland 192 representatives, or 44% of the total number of congressional seats available to all States. Such a result obviously would not apportion representation "among the several States according to their respective numbers," and thus would violate the United States Constitution. *See* U.S. Const. amend. XIV, § 2.

"To survive a rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide "enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Corp.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 570 (2007)); *accord Kendall v. Balcerzak*, 2011 U.S. App. LEXIS 6235 (4th Cir. Mar. 28, 2011). The allegations of Mr. Martin's Complaint do not establish a right to relief even at the speculative level, and do not state any plausible claim for relief as a matter of long-

established constitutional and federal law.  Mr. Martin's claims are insubstantial, and therefore the Complaint cannot survive this motion.

## CONCLUSION

This Court should dismiss the Complaint with prejudice.

\

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

_____/S/_____
STEVEN M. SULLIVAN (NO. 24930)
KATHLEEN E. WHERTHEY (NO. 23900)
Assistant Attorneys General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland  21202
Tel:  (410) 576-6324
Fax: (410) 576-6955
ssullivan@oag.state.md.us
kwherthey@oag.state.md.us

*Attorneys for the State of Maryland*

Dated: May 5, 2011