IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GUY F. MARTIN JR. ET AL,

Plaintiff,

v.                                                        Civ. No. RDB  11CV904

STATE OF MARYLAND,

Defendant

MEMORANDUM OF LAW IN SUPPORT OF PLEADING

28 USC  2284(a) " when an action is filed challenging the constitutionality
Of the apportionment of congressional districts"

Plaintiff Guy F. Martin et al, claims Article 1 Section 2  Clause 3
"The actual enumeration shall be made within three Years after the first Meeting
Of the Congress of the United States, and within every subsequent Term of ten Years, "
"The Number of Representatives shall not exceed one for every thirty Thousand,
But each State shall have at Least one, and until such enumeration shall be made,
The State of Maryland shall have 6."

" until such enumeration shall be made " The Statistical Abstract of the United States
Published by the US Census Bureau printed  the 1st Census starting in the year 1790,
a nation of 3,929,214 persons.  The Clerk of the US House of Representatives recorded
106 persons sent to Congress from the several States for the 3rd Congress.

United States Code Title 2 section 2 (currently omitted/ repealed)
Act of August 8, 1911, ch.5 subsection 1,2, 37 Stat. 13,14, fixed composition of
House of Representatives at 435 Members.
(The Clerk of the House of Representatives recorded 394 Members at the conclusion
Of the 13th Census in the year 1910.)
USC Title 2 section 2a.  " The President shall transmit to the Congress a statement
Showing the whole number of persons in each State, ..and the number of Representatives
In which each State would be entitled under an apportionment"

Article 1 Section 2 Clause 3 does not give the President the power to entitle the States
To representation.  Marbury v. Madison 1803
" Courts power to declare Acts of Congress unconstitutional" and "Establishes the

Constitution is the Supreme law of the land."

Page 4 of Motion to Dismiss states "President " as required for the apportionment
Of Representatives in the Congress among the several States," belongs to
The federal Secretary of Commerce. Citing 13 USC sec. 141(a),(b) (2011 LEXIS)

2 U.S.C. section 2a. Does not grant the federal Secretary of Commerce the power to
Apportion.

"The Secretary is permitted to delegate authority for establishing census procedures
To the Bureau of the Census"

I Agree.

2 U.S.C. section 2a. Does state "the President shall transmit to the Congress
The number of Representatives to which each State would be entitled"

It does not state executive branch officials in the federal Department of Commerce
Or the Bureau of the Census are responsible for determining the number of
Representatives. Nor does it state that apportionment is " virtually self-executing,
Without any action of Congress," as the State of Maryland suggests.

The districting for the election of officers of Public Trust, U.S. Senators, U.S. House of
Representatives, State Senators, and State Delegates all in the State of Maryland
Are governed by the Governor, the General Assembly, and the State Board of Elections.

The State of Maryland claims "the apportionment determination does not belong to the
Governor of Maryland, or the legislative branch, Instead they state "the Secretary
Of Commerce and the President ascertain each State's number of Representatives
According to the results of the U.S. Census Bureau's most recent "decennial census
Of the population," by applying " the method of equal proportions" .

Article 1 Section 2 Clause 3 does not give the Secretary of Commerce, or the
President the authority to ascertain each State's number of Representatives.
Marbury v. Madison 1803

The method of the most equal proportion for all the States is 1 for every 30,001
Citizens, the most Representation possible allowed by the Constitution.

The State of Maryland relies on 2 U.S.C. sec. 2a., stating in "prior practice and
Precedent", The Clerk of the U.S. House of Representatives has recorded
The following: 65   seats  for the start of our nation
             106   seats  after completion of the 1st Census
             142   seats  2nd Census  the recorded ratio of 1 : 30,000
             182   seats  3rd Census  the ratio of 1 : 34,000

The precedent established is to increase the number of seats when the population
Increases, for fourteen decennial changes, with a delegate or assigned seat
For each new territory and State, until such enumeration shall be made,
When each State was apportioned more seats.

The Supreme Court has recently rejected hearing a case, stating the Department
Of Commerce is not the jurisdiction to address the number of seats, the
Department of Commerce is the authority to address the formation of the Census,
The collection of information on our population.

I do not allege the State has violated the law, I am praying for a decision
Determining 2 U.S.C. section 2, 2a. 2b. And 2c. Are not constitutional,
Marbury v. Madison 1803

My demand for one Representative for every 30,001 citizens is to have the
Maximum number of Representatives allowed based on the Supreme Law
Of the U.S. Constitution.

The relief I seek would allow all States to use this formula to have the most
Equal Representation among the several States.

The States contention that Maryland would be the only State to use this formula
Should be dismissed.

The most "equal Representation for equal numbers of people" would
Be the maximum number allowed, and enumerated in Article 1 Section 2 Clause 3
Of the Constitution of the United States.

The relief I seek would also be in compliance with Section 2 of the Fourteenth
Amendment.

" the relief Mr. Martin requests would not comply with the Constitutional requirement
Of equitable apportionment based on the population"

I disagree.

The facts I submit are enough to raise a right to relief above the speculative level,
I am providing enough facts to state a claim to relief is plausible on its face.

## CONCLUSION

This court should dismiss the Defendants Motion with prejudice.

Respectfully submitted,
Guy F. Martin Jr. et al

*/s/ Guy F. Martin Jr.*