IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GUY F. MARTIN, JR.,                              *

    Plaintiff,                              *

v.                                               *       Civ. No. RDB 11CV904

STATE OF MARYLAND,                               *

    Defendant                               *

*       *       *       *       *       *       *       *       *

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

Defendant State of Maryland (the "State"), by its undersigned attorneys, hereby replies

to Plaintiff's Memorandum of Law in Support of Pleading ("Plaintiff's Opposition").

Plaintiff contends that "[t]he method of the most equal proportion for all the States is 1

[representative] for every 30,001 Citizens," and "[t]he precedent established is to increase

the number of seats when the population [i]ncreases." (Plaintiff's Opposition at 2-3.)  Thus,

Plaintiff seeks a ruling that "would allow *all* States to use this formula" to maximize their

representation in Congress.  (*Id.* at 3) (emphasis added).

The relief Plaintiff seeks is impermissible because it would expand the number of

representatives to the United States Congress beyond the number long fixed by federal law.

As explained in the State's Motion to Dismiss, granting the requested relief for Maryland

alone would afford Maryland 192 representatives to Congress (*see* Motion to Dismiss at 7-8),

a figure that Plaintiff does not dispute.  Affording all other States 1 representative per 30,001

citizens, as Plaintiff requests, would expand the number of representatives to Congress into the thousands. That expansion would be unlawful because, by Congressional enactment signed into law nearly a century ago, "[t]he total number of representatives is fixed at 435." *Saunders v. Wilkins*, 152 F.2d 235, 236 n.2 (4th Cir. 1945), *reh'g denied*, 329 U.S. 825, *and cert. denied*, 328 U.S. 870 (1946); *see also United States Dep't of Commerce v. Mont.*, 503 U.S. 442, 451, 451 n.24 (1992). Because "[t]he House of Representatives has 435 members," and no more, "[i]f one State gains a member, another must lose one," and "[n]o State's share can be increased without adversely affecting at least one other State." *Carey v. Kluznick*, 635 F.2d 732, 736 (2nd Cir. 1981). "The courts . . . have no authority to declare that a greater number of representatives shall be elected and admitted to congress than the statute specifies," and where an action seeks such relief, it must be dismissed. *Saunders*, 152 F.2d at 238 (citation omitted).

In sum, the State has not violated the law, as Plaintiff himself acknowledges. (*See* Plaintiff's Opposition at 3 ("I do not allege the State has violated the law. . . .")). The relief Plaintiff seeks would violate long established federal law embodied in the Constitution, federal statute, and federal common law. Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and should be dismissed with prejudice.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

_____/s/_____

STEVEN M. SULLIVAN (NO. 24930)
KATHLEEN E. WHERTHEY (NO. 23900)
Assistant Attorneys General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland  21202
Tel:  (410) 576-6324
Fax: (410) 576-6955
ssullivan@oag.state.md.us
kwherthey@oag.state.md.us

*Attorneys for the State of Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2011 a copy of the foregoing Reply to Opposition Motion to Dismiss was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy via first-class mail, postage prepaid, to:

Guy F. Martin, Jr.
9740 Covered Wagon Dr.
Laurel, MD 20723

_____/s/_____
KATHLEEN E. WHERTHEY

3