IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GUY F. MARTIN, JR. | * | |
| Plaintiff, | * | |
| | * | Civil Action No.: RDB-11-00904 |
| v. | * | |
| STATE OF MARYLAND, *et al.*, | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff Guy F. Martin ("Plaintiff" or "Martin"), brings a *pro se* action against Defendants, the State of Maryland and Governor Martin O'Malley (collectively "Defendants") to seek an injunction ordering the redistricting of Maryland to be one representative for every 30,001 citizens with strict population equality, thereby increasing the number of Maryland Representatives to the United States House of Representatives. Defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 5). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants' Motion to Dismiss (ECF No. 5) is GRANTED. Plaintiff's Motion Requesting Permission to Submit Additional Information (ECF No. 12) is DENIED.

## **BACKGROUND**

In ruling on a motion to dismiss, "[t]he factual allegations in the Plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). A *pro se* litigant's

1

complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Construing the complaint liberally, *see De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003), Plaintiff is challenging the constitutionality of the apportionment of Congressional districts. Martin contends that Maryland Governor Martin O'Malley, in compliance with 28 U.S.C. §2284, has been forced by the clerk of the United States House of Representatives to assign eight Representatives for the State of Maryland. Plaintiff alleges that eight Representatives under represents the citizens of Maryland because that is a ratio of about one Representative for every 721,694 citizens. Martin seeks an injunction order requiring Maryland to increase the number of Maryland Representatives in the United States House of Representatives from eight to about 192 representatives. Pending before this court is Defendants' Motion to Dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 5). Additionally, on July 15, 2011, Plaintiff filed a Motion Requesting Permission to Submit Additional Information (ECF No. 12).

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a

"formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See Twombly*, 550 U.S. at 555 (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

The United States Constitution's Fourteenth Amendment requires that the number of representatives must be "apportioned among the several states according to their respective numbers." U.S. Const. amend. XIV, §2, *United States Dept. of Commerce v. Montana* 503 U.S. 442, 444 n. 1 (1992). To implement the constitutional mandate of apportionment, Congress has established by statute the exclusive method for determining each state's allotment of representatives. 2 U.S.C. §2A (2011). This statute requires taking a decennial census and reporting the results to the President. *Id.* The Secretary of Commerce is responsible for administering the decennial census and reporting the results to the President. 13 U.S.C. §141(a), (b) (2011). Thus, by federal law, the President and officials of the Department of Commerce are responsible for determining the number of representatives to which "each State shall be entitled." 2 U.S.C. §2A, *see also Franklin v. Mass.,* 505 U.S. 788 (1992).

This court finds the contention before it to be a political question that must be determined by the legislative and executive branches of government and is not justiciable. *Saunders v. Wilkins,* 152 F. 2d 235, 237 (4th Cir. 1945). "The political question doctrine recognizes the constitutional separation of powers among the branches of the federal government, as well as the inherent limitations on the judiciary." *In re KRB, Inc.,* 736 F. Supp. 2d 954, 958 (D. Md. 2010) (internal citations omitted). The doctrine excludes from judicial review cases in which courts have "no rightful power and no compass." *Smith v. Reagan*, 844 F. 2d 195, 202 (4th Cir. 1988). It is designed to restrain the judicial branch from inappropriate interference in the business of the other branches of government. *United States v. Munoz-Flores*, 495 U.S. 385, 394 (1990). In *Baker v. Carr*, the Supreme Court set forth six guidelines to aid a court in identifying a political

question: (1) textually demonstrable constitutional commitment of the issue to a coordinate political department; or (2) a lack of judicially discoverable and manageable standards for resolving it; or (3) the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or (4) the impossibility of a court's undertaking independent resolution without expressing lack of respect due to the coordinate branches of government; or (5) an unusual need for unquestioning adherence to a political decision already made; or (6) the potentiality of embarrassment from multifarious pronouncements by various departments on one question. *Baker v. Carr,* 369 U.S. 186, 217 (1962). In applying these guidelines, a court must engage in a "discriminating inquiry into the precise facts and posture of the particular case," while understanding "the impossibility of resolution by any semantic cataloguing." *Id.*

The first factor of the *Baker* guidelines applies in this case as there is clearly demonstrable constitutional authority, and Congressional statutes authorizing the coordination and remedy to this issue. As stated above, the Constitution and various statutes clearly delineate the responsibilities of the President and the Executive Branch in apportioning seats for the United States House of Representatives, and therefore this is a political rather than judicial question, and is non-justiciable. In *Saunders*, the United States Court of Appeals for the Fourth Circuit held that "the courts . . . have no authority to declare that a greater number of representatives shall be elected and admitted to Congress than the statute specifies . . . and the action [is] dismissed." *Saunders,* 152 F. 2d at 238. This Court simply does not have the authority to mandate that the State of Maryland increase the number of Representatives to the United States House of Representatives insofar as that issue is decreed by statute and under the

control of the Executive Branch.[1]  Thus, the Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) (ECF No. 5) is GRANTED.

On July 15, 2011, Plaintiff filed a Motion Requesting Permission to Submit Additional Information (ECF No. 12).  According to *Interphase Garment Solutions, LLC., v. Fox Television Stations, Inc.,* 566 F. Supp 2d 460, 467 (D. Md. 2008), where the issues are fully briefed, a request for the filing for surreply must be denied.  Therefore, Plaintiff's Motion is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants State of Maryland and Governor O'Malley's Motion to Dismiss (ECF No. 5) is GRANTED.  Plaintiff's Motion Requesting Permission to Submit Additional Information, (ECF No. 12) is DENIED.  Plaintiff's Complaint, (ECF No. 1) is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: October 27, 2011                              /s/
                                                                    Richard D. Bennett
                                                                    United States District Judge

---

[1] Although the political question doctrine precludes this case from being heard by this Court, there are circumstances where challenging the apportionment of congressional districts will not be barred under the political question doctrine.  This Court has jurisdiction if it is alleged that a violation of the Voting Rights Act of 1965 or any of the relevant United States Constitution provisions has occurred.  *Anne Arundel County Republican Central Committee v. The State Administrative Board of Election Laws*, 781 F. Supp. 394 (D. Md. 1991); *Marylanders for Fair Representation Inc. v. Schaefer*, 849 F. Supp. 1022 (D. Md. 1994).  *See also.* Maryland General Assembly, Redistricting Booklet, 2010, *available at* http://mlis.state.md.us/other/redistricting/RedistrictBookletPrintable2010.pdf.  When there is a constitutional challenge to the apportionment of congressional districts, a panel of three district court judges shall be convened.  28 U.S.C. §2284.  In this case, the Plaintiff is not alleging a constitutional violation or a violation under the Voting Rights Act of 1965, and therefore the political question doctrine bars this Court from reviewing this claim.